MALISIE TUCKER, Plaintiff-Appellant and Cross-Appellee, v. ILLINOIS POWER COMPANY, Defendant-Appellee and Cross-Appellant.

Fifth District   No. 5—90—0214

Opinion filed August 27, 1991.

Marc P. Weinberg, of Goldenhersh Law Offices, of East St. Louis, for appellant.

Carl W. Lee and Gregory M. Skinner, both of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Malisie Tucker brought suit against Illinois Power Company (Illinois Power) alleging a violation of the Public Utilities Act (Ill. Rev. Stat. 1983, ch. 111²/₃, par. 1—101 *et seq.*) because of an interruption of natural gas service to Tucker's residence on or about January 29, 1985. The case was tried before a jury, and a verdict was returned for Tucker for $5,000. Tucker filed a post-trial motion and a motion to tax attorney fees and costs against the defendant. The trial court denied Tucker's post-trial motion but allowed Tucker's motion to tax attorney fees and costs of $1,666.67.

Tucker appeals, alleging, *inter alia,* that the trial court erred in denying her post-trial motion for a new trial and erred in limiting her award of attorney fees to the terms of her attorney's contingency fee contract. Illinois Power cross-appeals, submitting that the trial court erred in finding that Illinois Power violated the Public Utilities Act and is required to pay Tucker's attorney fees. The first issue we are called upon to decide is whether the trial court erred in denying Tucker's motion for a mistrial at the close of jury selection.

Prior to jury selection plaintiff argued that because she is black, the principles of *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, required the court to conduct an evidentiary hearing to determine whether the defendant used its peremptory challenges to exclude blacks from the venire on the basis of their race.

The court reserved ruling on whether an evidentiary hearing on that issue was required.

Each party had five peremptory challenges, and Illinois Power exercised four of its five challenges to exclude black members of the venire. Out of the presence of the venire, Tucker once again asserted her objection to Illinois Power's use of peremptory challenges to exclude blacks without giving a racially neutral reason for doing so. Tucker moved for a mistrial on the grounds that the principles of *Batson* apply to civil cases, and that Illinois Power used its peremptory challenges to discriminate against blacks.

The four black members of the venire who were peremptorily challenged were L.V. Watson, Irene White, Havie Eades, and Darius Howlett. During *voir dire* Havie Eades stated that he lives in East St. Louis and is employed as a punch press operator. His wife is not employed and they have no children. Darius Howlett stated that he also lives in East St. Louis. He is employed as a cashier and stockman at National Supermarket and has never been married. No further questions were asked of Mr. Eades and Mr. Howlett. The only other factual information regarding the two men which we can discern from the record is their ages and levels of education.

In response to Tucker's assertion that Illinois Power had to explain why it excluded four blacks, Illinois Power stated that L.V. Watson was challenged because he was a patient of the plaintiff's treating physician, who was expected to testify at trial, and that Irene White was challenged because Illinois Power had reason to believe she was the chairman of an advisory group for senior citizens. Illinois Power offered no reason for excluding Havie Eades and Darius Howlett from the jury. The trial court denied Tucker's motion for mistrial.

The Supreme Court in *Batson* held that the use of peremptory challenges by a prosecutor to purposefully exclude members of the defendant's race from the jury in a criminal case deprives the defendant of equal protection of law. (476 U.S. at 86, 90 L. Ed. 2d at 80, 106 S. Ct. at 1717.) The principle espoused in *Batson* was recently broadened in *Powers v. Ohio* (1991), 499 U.S. 400, 113 L. Ed. 2d 411, 111 S. Ct. 1364, when the court held a criminal defendant may object to race-based exclusions of jurors through peremptory challenges whether or not the defendant and the excluded jurors are of the same race. In yet another extension of *Batson*, the court in *Edmonson v. Leesville Concrete Co.* (1991), 500 U.S. ___, 114 L. Ed. 2d 660, 111 S. Ct. 2077, held that a private litigant in a civil case may not use peremptory challenges to exclude jurors because of race. The *Edmonson* court remanded the case for a determination of whether Edmon-

son had established a *prima facie* case of racial discrimination under the approach set forth in *Batson* (476 U.S. at 96, 90 L. Ed. 2d at 87, 106 S. Ct. at 1723), such that the defendant would be required to offer race-neutral explanations for its peremptory challenges.

Generally, the nature of a peremptory challenge suggests it may be used for any reason. To establish a *prima facie* case of purposeful discrimination in jury selection, the complaining party must first show that the opposing party has exercised peremptory challenges to remove members of a cognizable racial group from the venire. The next step for the person complaining about the use of the peremptory challenges is to show that all of the relevant circumstances raise an inference that the person challenging the jurors used peremptory challenges to exclude members of the venire on the basis of race. *Batson*, 476 U.S. at 96, 90 L. Ed. 2d at 87, 106 S. Ct. at 1723; *Powers*, 499 U.S. 400, 113 L. Ed. 2d 411, 111 S. Ct. 1364.

Illinois Power contends that Tucker failed to establish a *prima facie* case of discrimination because two members of the jury panel were black. It has been held that the mere presence of some blacks on the jury does not preclude the court from finding that a *prima facie* case of discrimination has been established. (*People v. Harris* (1989), 182 Ill. App. 3d 114, 119, 537 N.E.2d 977, 980.) While the explanation for exercising a peremptory challenge need not rise to the level justifying exercise of a challenge for cause (*Batson*, 476 U.S. at 97, 90 L. Ed. 2d at 88, 106 S. Ct. at 1723), the party's explanation cannot be considered race neutral if the party failed to exclude members of the venire of a second racial group having the same or similar characteristics and there are no further characteristics meaningfully distinguishing members of the venire of the second racial group who were retained from the venirepersons who were challenged. (*People v. Mack* (1989), 128 Ill. 2d 231, 239, 538 N.E.2d 1107, 1111.) The party pressed for an explanation must demonstrate that the excluded members of the venire exhibit a specific bias related to the particular cause to be tried, rather than the fact that their race will bias them in favor of the opposing party or render them unfit to serve on the jury. *People v. McDonald* (1988), 125 Ill. 2d 182, 198-99, 530 N.E.2d 1351, 1358.

■ Illinois Power failed to come forward with any explanation, let alone a race-neutral explanation, for its exclusion of Eades and Howlett. Tucker further contends that Illinois Power's explanation for excluding Watson and White did not rebut the presumption of discrimination. The record reveals that (1) Illinois Power was not required by the trial court to explain the reasons behind the use of its

peremptory challenges to exclude Eades and Howlett, (2) the reasons for their exclusion, other than race, are not apparent, and (3) the trial court made no finding as to whether the explanations given by Illinois Power for excluding Watson and White were sufficient to overcome the presumption of the *prima facie* showing of purposeful discrimination.

Under the circumstances, we are constrained to remand this case for a *Batson* hearing. (See *Edmonson v. Leesville Concrete Co.* (1991), 500 U.S. ____, 114 L. Ed. 2d 660, 111 S. Ct. 2077.) Upon remand the trial court shall conduct a *Batson* hearing to determine whether there was a violation of the principles of *Batson*. If the trial court determines there was no violation of *Batson*, it shall certify that conclusion to this court. If, on the other hand, the trial court finds that there was a *Batson* violation, it shall fashion an appropriate remedy and certify its finding and its remedy to this court.

In view of our disposition of this case on the *Batson* issue, it is unnecessary to address the remaining issues raised by the parties at this time.

Remanded with directions.

RARICK, P.J., and WELCH, J., concur.